IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 15, 2020

**STATE OF TENNESSEE v. ANDY F. NUNEZ**

**Appeal from the Criminal Court for Davidson County**
**No. 2016-D-1972    Steve R. Dozier, Judge**

_____

**No. M2019-00473-CCA-R3-CD**

_____

THOMAS T. WOODALL, J., concurring.

I concur in the results reached by the majority opinion. I write separately to express my opinion that the trial court erred by ruling that the evidence sought by Defendant via the subpoena would be irrelevant. The proposed evidence was never submitted at the pre-trial hearing. Thus, the trial court could only speculate as to what any evidence would reveal. However, any error was harmless in my opinion.

By statute, each District Attorney General is given the mandatory power and duty to "prosecute in the courts of the [judicial] district *all* violations of the state criminal statutes and perform *all prosecutorial functions* attendant thereto . . . ." Tenn. Code Ann. § 8-7-103(1). (emphasis added). Therefore, the District Attorney General (DAG) and the DAG's assistant district attorney's general, *Id.* at (7) are for all purposes a law firm that represents only one client, the State, regarding *all* violations of the criminal statutes in the DAG's judicial district.

Defendant's subpoena was directed to the "Custodian of Records for the Davidson County District Attorney's Office," the law firm that represents one of the parties in a criminal case in the trial courts of the 20th Judicial District. In my opinion, any subpoena directed to a law firm representing either the State or the defendant, to produce evidence to be used against the party represented by the law firm, in the case for which the subpoena was issued, should generally fall into the category where "compliance would be unreasonable or oppressive." Tenn. R. Crim. P. 17(d)(2). There is no doubt that exceptions to this premise could exist. However, there is nothing in the record of this case that shows any exception should apply here. Accordingly, I agree the judgment should be affirmed.

_____
THOMAS T. WOODALL, JUDGE